# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TAMMY RANGEL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 215-81 |
| | * | |
| PAUL ANDERSON, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

## ORDER

Before the Court is Plaintiff Tammy Rangel's Objection to and/or Appeal of the Magistrate Court's Order (Dkt. No. 71). For the reasons stated below, Plaintiff's objections are **OVERRULED**.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred in Baxley, Georgia, on February 12, 2015. Dkt. No. 1 p. 2. Plaintiff alleges that Defendant's vehicle rear-ended her vehicle, causing injury. Id. Several physicians treated Plaintiff for neck and back pain after the accident, including Dr. Patrick Karl, a pain management specialist. Dr. Karl was deposed on March 11, 2016. Dkt. No. 34-2. The deadline to

deposed on March 11, 2016. Dkt. No. 34-2. The deadline to disclose testifying experts was November 10, 2015. However, Plaintiff did not identify Dr. Karl as an expert witness by that date. Dr. Karl's testimony gave many expert opinions, including: (1) it is more probable than not that Plaintiff has a nerve root impingement in her cervical spine; (2) it is more likely than not that the February 2015 accident caused an acute injury to Plaintiff's cervical region; (3) it is possible that the February 2015 accident aggravated pre-existing degenerative changes in Plaintiff's neck; and (4) it is more likely than not that the February 2015 accident exacerbated Plaintiff's pre-existing neck problems and caused Plaintiff's back pain. Dkt. No. 34-2, pp. 14-17.

Plaintiff did not provide a written report of Dr. Karl's opinion, nor did she provide any summary or notice indicating that Dr. Karl was an expert witness. Defendant Paul Anderson filed a motion in limine seeking to exclude Dr. Karl's testimony. Dkt. No. 34. The Magistrate Judge granted the motion, finding (1) non-compliance with Federal Rule 26(a)(2)(A)-(B), (2) that Plaintiff's failure to comply with Rule 26 was not "harmless" under Rule 37(c)(1), and (3) that Dr. Karl's testimony was inadmissible under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Plaintiff now objects to the Magistrate Judge's decision.

2

**LEGAL STANDARD**

A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This is a very high standard. As the Eleventh Circuit recently put it, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." Cox Enters., Inc. v. News-Journal Corp., 794 F.3d 1259, 1272 n.92 (11th Cir. 2015) (citation omitted).

**DISCUSSION**

Plaintiff objects to the Magistrate Judge's decision that: (1) Plaintiff's witness disclosure was not timely under Rule 26 and (2) Dr. Karl's testimony is inadmissible under Daubert. The Court notes the high standard a plaintiff must meet to satisfy the clearly erroneous standard. Here, the Court finds that Plaintiff fails to meet this standard and her objections will be overruled.

The Court first turns to the Magistrate's finding that Plaintiff's non-compliance with Rule 26 warrants the exclusion of Dr. Karl's testimony. "A party must disclose to other parties the identity of any witness it may use at trial to

3

present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." This report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

However, treating physicians may still comply with Rule 26 even without such written disclosures if they comply with Rule 26(a)(2)(C). This rule requires the treating physician to disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; [and] (ii) a summary of the facts and opinions to which the witness is expected to testify." Id. When a party fails to disclose under Rule 26, the Court may still admit an

4

expert witness if admission will be "harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff does not contest that she failed to provide a report or summary under Rule 26(a)(2)(B) or (C). Instead, she argues that her failure to comply with Rule 26 was "harmless." Dkt. No. 71, p. 3 (citing Fed. R. Civ. P. 37(c)(1)).

In the past, other judges in this circuit have applied a five-factor test when determining whether an insufficient disclosure is harmless. Kondraugunta v. Ace Doran Hauling & Rigging Co., No. 1:11-cv-01094, 2013 WL 1189493, at *7 (N.D. Ga. Mar. 21, 2013); Cambridge Univ. Press v. Becker, No. 1:08-cv-1425-ODE, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010). These factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Cambridge Univ. Press, 2010 WL 6067575, at *3.

The Magistrate Judge's determination that Plaintiff's insufficient disclosure was not harmless under these factors was not clearly erroneous. First, Plaintiff cannot overcome the "surprise" element simply because Dr. Karl was a treating

5

physician. The Magistrate Judge found that while Dr. Karl certainly had the ability to discuss his treatment, counsel for defendant believed he would only testify as a non-expert. Dkt. No. 37. p. 6. The simple fact of Dr. Karl's treating Plaintiff did not put Defendant on notice that Dr. Karl would give expert testimony. Without a report or summary of Dr. Karl's opinions and expected testimony, defense counsel's lack of notice and inability to prepare for Dr. Karl's deposition cannot be considered harmless. <u>Goodbys Creek, LLC v. Arch Ins. Co.</u>, No. 3:07-CV-947, 2009 WL 1139575, at *3 (M.D. Fla. Apr. 27, 2009) ("[E]ven if a deposition of every expert were taken by Defendant as a matter of course, furnishing it with a woefully inadequate report adversely impacts upon its ability to prepare for and conduct the deposition.").

The Magistrate Judge found that the second element, ability to cure the surprise, was not met for the same reasons. Specifically, no amount of post-deposition cure would have the same effect as allowing defense counsel a well-prepared cross examination of an expert witness. <u>See</u> <u>id</u>. In short, the bell has been rung and Plaintiff cannot now unring it.

Third, the Magistrate Judge found that allowing Dr. Karl's testimony would disrupt the litigation of this case. This decision was not clearly erroneous. This case is scheduled to go to trial on November 15, 2016. If the Court were to allow

6

Dr. Karl's expert testimony with no prior notice to Defendant, Defendant should be allowed to call his own expert to rebut Dr. Karl's testimony. This certainly would delay the Court's scheduling order as no such expert has yet been presented. Rule 26 and this Court's scheduling orders seek to avoid such disruptions in the orderly flow of litigation. See Rogers v. Hartford Life & Accident Ins. Co., No. 12-0019-WS-B, 2012 WL 2395194, at *1 n.3 (S.D. Ala. June 22, 2012) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded. . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." (quoting B.T. ex rel. Mary T. v. Dep't of Educ., State of Haw., 637 F. Supp. 2d 856, 867 (D. Haw. 2009)). Therefore, allowing a new expert at this late stage of the litigation would have a disruptive effect.

Fourth, the Magistrate Judge found that Dr. Karl's testimony was not so important as to excuse Plaintiff's lack of disclosure. The Court agrees. Notably, Dr. Karl's testimony will not be excluded in its entirety at trial. The parties have agreed that Dr. Karl can still testify as to the factual basis of his treatment of Plaintiff. Dkt. No. 67, p. 8. This mitigates much of the harm the exclusion of his expert testimony could cause to Plaintiff's case.

7

Finally, the Magistrate Judge found that Plaintiff's excuse for failing to meet the Rule 26 deadline was insufficient. The only proffered excuse before the Magistrate Judge was that Dr. Karl had only treated Plaintiff twice and Plaintiff was unsure if Dr. Karl would be used as an expert witness. Dkt. No. 42, pp. 3-4. The Magistrate Judge's decision was correct. Under any standard of review it should be upheld. Plaintiff was aware that this case might require experts. Furthermore, Dr. Karl treated her months before filing this action, and there were no obstacles in presenting a summary of his expert testimony before he was deposed.

The Magistrate Judge used sound reasoning as to why none of the factors favoring a harmless error under Rule 37 are present here. Thus, the Court overrules Plaintiff's objections. As such, the Court finds it unnecessary to discuss the Magistrate's gatekeeping decision under Daubert, as the expert disclosure requirements under Rule 26 were not met.

## CONCLUSION

For the reasons set forth above, it is hereby ordered that Plaintiff Tammy Rangel's Objection to and/or Appeal of the Magistrate Court's Order (Dkt. No. 71) is **OVERRULED**.

**SO ORDERED**, this 3rd day of November, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA