# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TAMMY RANGEL,

    Plaintiff,

v.

PAUL ANDERSON,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-81

## O R D E R

Before the Court are Plaintiff's Objections to Defendant's Trial Exhibits, (doc. 52), Defendant's Motion in Limine, (doc. 56), and Defendant's Objections to Plaintiff's Trial Exhibits, (doc. 57). The Court held a hearing on these pleadings, as well as other pretrial evidentiary matters, on August 10, 2016. At that hearing, the Court ordered the parties to submit a joint filing regarding their remaining motions and objections, which the parties submitted on August 31, 2016. (Doc. 70.) Plaintiff has **WITHDRAWN** her Objections to Defendant's Trial Exhibits, (doc. 52). For the reasons set forth below, the Court **GRANTS** Defendant's Motion in Limine, (doc. 56). Additionally, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Defendant's Objections to Plaintiff's Trial Exhibits, (doc. 57).

### I.  Plaintiff's Objections to Defendant's Trial Exhibits (Doc. 52).

As stated in the parties' Joint Statement, Plaintiff **WITHDRAWS** her Objections to Defendant's Trial Exhibits, (doc. 52).[1]

---

[1] As agreed in the parties' Joint Statement, (doc. 70), Plaintiff's medical records must be accompanied by a valid certificate of authenticity and the parties shall redact any irrelevant, prejudicial, or otherwise inadmissible information contained within those records.

## II. Defendant's Motion in Limine (Doc. 56).

### A. Defendant's Objections One (1) and Two (2)

As stated in the parties' Joint Statement, Plaintiff does not oppose these portions of Defendant's Motion in Limine, (doc. 70, p. 7). Accordingly, the Court **GRANTS** these portions of Defendant's Motion in Limine as unopposed.

### B. Defendants' Objection Three (3)

Defendant argues that the Court should exclude testimony concerning conversations between Plaintiff and her medical care providers and treating physicians. (Doc. 56, p. 2.) Specifically, Defendant argues that the Court should prohibit Plaintiff from testifying about statements made by her medical care providers and treating physicians to Plaintiff, as that testimony would constitute hearsay. (Id.) Plaintiff argues that this testimony falls within an exception to the rule against hearsay and is, therefore, admissible. (Doc. 70, p. 7.) Plaintiff further argues that the Court should permit her to present evidence of Plaintiff's health care providers' statements in order to explain Plaintiff's subsequent conduct. (Id.)

"'Hearsay' is a statement that: (1) the declarant makes outside of court; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible during a trial unless specifically excepted by statute or rule. See Fed. R. Evid. 802. However, "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" is admissible under Federal Rule of Evidence 803(3). Furthermore, Federal Rule of Evidence 803(4) provides that a statement that: "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical

history; past or present symptoms or sensations; their inception; or their general cause" is admissible as an exclusion to the rule against hearsay.

Here, Plaintiff seeks to testify about statements made by her health care providers. Though Plaintiff cites Federal Rule of Evidence 803[2] in her argument that the Court should overrule Defendant's objection, the applicable exceptions within that rule apply only to statements made by a patient to his or her physician or to other parties—not to statements made by a physician to his or her patient. Stull v. Fuqua Indus., Inc., 906 F.2d 1271, 1273–74 (8th Cir. 1990) ("The medical records exception to the hearsay rule assumes that a person making a statement for the purpose of obtaining medical diagnosis or treatment will likely tell the truth to a medical person and that the statement is therefore inherently reliable. Hence, to fall within the exception, the statement must be obtained from the person seeking treatment, or in some instances from someone with a special relationship to the person seeking treatment, such as a parent."); see also Sweeney v. State of Alabama Alcoholic Beverage Control Bd., 94 F. Supp. 2d 1241, 1263 (M.D. Ala.), *opinion vacated and superseded on reconsideration sub nom.* Sweeney v. Alabama Alcoholic Beverage Control Bd., 117 F. Supp. 2d 1266 (M.D. Ala. 2000) (finding that plaintiff's statements that her physician diagnosed her with fatigue syndrome were not admissible under any exception to the hearsay rule (citing Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 & 564 (7th Cir. 1996) (concluding that deposition testimony detailing physician's statement to patient was hearsay and did not fall within Rule 803(4)'s exception to the hearsay rule: Rule 803(4) "excepts statements made by a person seeking medical attention to the person providing that attention. Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the

---

[2] The Court construes Plaintiff's citation of Federal Rule of Evidence "803(e)" as Federal Rules of Evidence 803(3) and 803(4), as those provisions are most pertinent to Plaintiff's argument.

3

medical attention to the patient.")); See also Weatherly v. Alabama State Univ., No. 2:10CV192-WHA, 2012 WL 274754, at *9 (M.D. Ala. Jan. 31, 2012) ("Plaintiffs state that the exhibit is a statement for diagnosis or treatment. Fed. R. Evid. 803(4). The rule, however, applies to statements made to the physician for medical diagnosis and treatment.").[3] Accordingly, the Court **GRANTS** this portion of Defendant's Motion in Limine.

However, to the extent that Plaintiff intends to testify about a health care provider's statement to her to explain her conduct following that statement, she would not be offering the statement for the truth of the matter asserted. Therefore, the statement would not be hearsay. However, at this stage, it is not clear how Plaintiff would need to explain her conduct, much less whether the probative value of such an explanation would outweigh any undue prejudice. Should the need arise at trial, Plaintiff's counsel may address the Court and seek permission to offer the health care provider's statement to explain Plaintiff's subsequent conduct. Plaintiff's counsel must seek such permission before eliciting evidence of such a statement.

### C. Defendant's Objections Four (4) through Seven (7)

As stated in the parties' Joint Statement, Plaintiff does not oppose these portions of Defendant's Motion in Limine. Accordingly, the Court **GRANTS** these portions of Defendant's Motion in Limine as unopposed.

### D. Defendant's Objection Number Eight

Defendant argues that the Court should exclude any evidence that he received a traffic citation in connection with the automobile accident in question, the disposition of that traffic

---

[3] Furthemore, even if Plaintiff's physician's statements were admissible under Plaintiff's interpretation of Rule 803(4), this Court previously granted Defendant's Motion in Limine to exclude Plaintiff's treating physician's expert opinions. Plaintiff may not now present those opinions under Rule 803(4). See Johnson v. State Farm Fire & Cas. Co., No. 12-00534, 2013 WL 4607548, at *5 n.12 (S.D. Ala. Aug. 29, 2013) ("[S]ince this court has established . . . that the treating physicians are not allowed to testify as experts, any statements in the medical records unrelated to the treatment of plaintiff, including any statements as to the causation of plaintiff's injuries, is not admissible under Rule 803(4).")

4

citation, and any documentary or testimonial evidence of that citation. (Doc. 56, p. 4.) Defendant contends that, absent evidence that he entered a guilty plea as to the traffic charge, this evidence is irrelevant and inadmissible. (Id. at pp. 4–5.) In the alternative, Defendant argues that evidence that he received a traffic citation is cumulative in light of the stipulation of liability in this case. (Id. at p. 5.) Plaintiff argues that "it is important in her case to establish that even though [Defendant] admits he caused the collision, that he also violated Georgia's Rules of the Road." (Doc. 70, p. 8.) Plaintiff further argues that "[w]ithout the citation and evidence of the guilty plea in evidence, the jury may be inclined to believe he did not violate the law and should not be held responsible for Plaintiff's injuries." (Id.)

"Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty." Movromatis v. Murphy, No. 14-3469, 2016 WL 3012051, at *3 (N.D. Ga. May 26, 2016) (citing Rhodes v. Curtis, No. 04-cv-476, 2006 WL 1047021, at *2 (D. Okla. Apr. 12, 2006). See also Bergeron v. Great W. Cas. Co., No. 14-cv-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015) (federal courts "agree that evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation"); Dawson v. Carbollosa, No. 14-cv-0057, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014) ("While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic violation is not.") (internal citation omitted); Cunningham v. Wash. Gas Light Co., No. 86-cv-2392, 1988 WL 90400, at *1 (D.D.C. Aug. 11, 1988) ("[T]he mere issuance or failure to issue a traffic citation is not admissible in a civil trial.").

Here, though Plaintiff provides copies of Defendant's traffic citation and the disposition of that citation, neither document reveals whether Defendant entered a guilty plea in connection with that citation. Even assuming Defendant pled guilty to the traffic offense, this evidence

5

would be irrelevant to any issue that the jury must determine, cumulative, and unfairly prejudicial, as Defendant admits liability in this case. See Fed. Rs. Evid. 402, 403. Accordingly, the Court **GRANTS** this portion of Defendant's Motion in Limine.

### E. Defendant's Objections Numbers Nine (9) through Twelve (12)

As stated in the parties' Joint Statement, Plaintiff does not oppose these portions of Defendant's Motion in Limine. Accordingly, the Court **GRANTS** these portions of Defendant's Motion in Limine as unopposed.

### F. Defendant's Objection Number Thirteen (13)

Defendant argues that the Court should exclude evidence that he is a non-resident of Georgia. Defendant first maintains that this evidence is irrelevant. Defendant argues in the alternative that, even if evidence of his residency is relevant, the probative value of that evidence is substantially outweighed by unfair prejudice under Federal Rule of Evidence 403. Plaintiff, however, argues that evidence of Defendant's residency is admissible to demonstrate Defendant's lack of familiarity with the area in which the accident occurred. Plaintiff further argues that she may present evidence of his residency to acquaint the jury with the parties. Finally, Plaintiff argues that evidence of Defendant's residency is not so prejudicial as to outweigh its probative value.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . .unfair prejudice . . . or needlessly presenting cumulative evidence." Here, Defendant's out-of-state residency is arguably probative as to whether he was familiar with the scene of the accident.

However, Defendant's familiarity with the scene of the accident is not a fact of consequence in determining the action because Defendant admits liability in this case. Therefore, evidence of Defendant's out-of-state residency is inadmissible under Rule 401. Further, there is a danger that a Georgia jury would unfairly hold Plaintiff's out-of-state residency against him in determining the matters that are at issue. Accordingly, the Court **GRANTS** this portion of Defendant's Motion in Limine.

### III. Defendant's Objections to Plaintiff's Trial Exhibits (Doc. 57).

Defendant filed Objections to Plaintiff's Trial Exhibits, (doc. 57), which address several issues—many of which the parties have resolved. The Court addresses Defendant's remaining objections below.

#### A. Defendant's Objection to Plaintiff's Exhibits 1, 2

Defendant again objects that evidence of his traffic citation and the disposition of that citation is inadmissible, while Plaintiff maintains that this evidence is necessary to establish that Defendant violated the law and should be held responsible for Plaintiff's injuries. For the reasons discussed in Section II D above, the Court **SUSTAINS** Defendant's Objection.

#### B. Defendant's Objection to Plaintiff's Exhibit 3

Defendant objects to Plaintiff's Exhibit 3—listed as "Annuity Mortality Table" arguing that there is no evidence of future lost wages or the need for future medical care and that, therefore, the annuity mortality table is irrelevant. Plaintiff argues that, because there is medical testimony and anticipated testimony from Plaintiff to establish that she has suffered neck and back pain consistently since the automobile accident, a jury could find that she will continue to suffer pain. Plaintiff argues that, should the jury make that finding, a mortality table is a reliable and acceptable tool by which a jury can calculate an award for future pain and suffering.

7

The parties agree that "[t]he issues which th[e] jury must determine are whether this motor vehicle accident caused [Plaintiff]'s injuries, and if so, the damages to which [Plaintiff] is entitled." (Doc. 68, p. 1.) Based upon the evidence presented thus far in the case, a jury could find that Defendant caused Plaintiff's injuries, that Plaintiff continues to suffer pain as a result of those injuries, and that she will suffer pain in the future. Accordingly, the jury could find that Plaintiff is entitled to damages for future pain and suffering. If the jury does so, the annuity mortality table would assist the jury in determining an appropriate award. Cf. Jarrard v. Grange Mut. Cas. Co., No. CV508-031, 2010 WL 11463590, at * 2 (S.D. Ga. June 8, 2010) (finding that annuity mortality table was inadmissible because that exhibit "relate[d] solely to damage calculations" which were not at issue in that case). The Court **OVERRULES** Defendant's Objection to Plaintiff's Exhibit 3.

### C. Defendant's Objections to Plaintiff's Exhibits Four (4) through Seven (7)

As stated in the parties' Joint Statement, Defendant has **WITHDRAWN** his objections as to Exhibits four (4) through seven (7).

### D. Defendant's Objection to Plaintiff's Exhibit 11

Defendant objects to Plaintiff's Exhibit 11, listed as "Avis Rental Car agreement," arguing that this document is irrelevant and an improper attempt to introduce evidence of a collateral source and insurance by Plaintiff. Plaintiff contends that Defendant's Avis Rental Car Agreement is relevant to show that Defendant was unfamiliar with the vehicle he was driving and the area where the collision occurred. For the reasons discussed in II F above, Defendant's familiarity with the accident scene is not a fact of consequence in this action, because Defendant admits liability. Therefore, evidence that Defendant rented the car that collided with Plaintiff's car is not relevant to whether the impact caused Plaintiff's injuries and if so, the damages to

which Plaintiff is entitled. Additionally, for the reasons stated by Defendant, this evidence could unfairly prejudice Defendant. Accordingly, the Court **SUSTAINS** Defendant's Objection to Plaintiff's Exhibit 11.

### E. Defendant's Objections to Plaintiff's Exhibits 12, 13

Defendant objects to Plaintiff's Exhibit 12, listed as "Diagram of Accident Location," and Exhibit 13, listed as "Google Map of Accident Location" on the grounds of foundation, hearsay, that those documents assume facts not in evidence, and that those documents are not to scale and have not been authenticated. Plaintiff argues that the Court should allow her to present both of these documents to provide the context of the accident scene to the jury. Provided Plaintiff properly authenticates Exhibits 12 and 13, these documents are admissible for the limited purpose of describing the accident scene. See Cobb Theatres III, LLC v. AMC Entertainment Holdings, Inc., 101 F. Supp. 3d 1319, 1329–30 (N.D. Ga. 2015) (denying plaintiff's motion to strike a Google Maps printout when the purpose of the printout was to show the geographic location of theater buildings in surrounding area, even though printout did not "provide a scale from which the Court could determine the distance in miles between any two points"). Defendant can point out any issues regarding the credibility of the Exhibit, including its lack of scale, through cross examination. The Court **OVERRULES** Defendant's Objection.

### F. Defendant's Objections to Plaintiff's Exhibits 14, 15, 21–23, 25–29

As stated in the parties' Joint Statement, Defendant has **WITHDRAWN** his objections as to Exhibits 14, 15, 21–23, and 25–29.

**G.     Defendant's Objection to Plaintiff's Exhibit 49**

Defendant objects to Plaintiff's Exhibit 49, listed as "Rangel Property Damage Appraisal" on the grounds that this evidence is irrelevant, due to Plaintiff's failure to plead a claim for property damages. Defendant also objects that Plaintiff has improperly attempted to introduce evidence of a collateral source and insurance and evidence of subsequent remedial measures on repairs through this document. Plaintiff avers that her property damage appraisal will assist the jury in determining the force of impact and, as a result, the severity and extent of her injuries.

While Plaintiff does not assert a claim for property damage to her vehicle in this case, this evidence makes it more probable that Plaintiff suffered injuries as a result of the car accident. See Robinson v. Ryan, No. 3:07CV74, 2008 WL 5111079, at *1 (N.D. Miss. Dec. 3, 2008) (rejecting argument that amount of property damage was irrelevant in personal injury action and holding that "[e]vidence of the [car accident] is obviously relevant as to whether or not an injury occurred" and that "the extent of damage caused by the wreck is relevant to the extent of [plaintiff's] injuries"); Bishop v. Dale Jessup, Inc., No. 4:05CV397 JCH, 2006 WL 571979, at *2 (E.D. Mo. Mar. 8, 2006) ("Even if there is not a perfect correlation between property damage and personal injury in automobile accidents, it does not mean that property damage is not relevant. . . . Evidence of property damage is probative of the extent of personal injury, and it is not even outweighed, let alone substantially outweighed, by any danger of unfair prejudice.") Accordingly, the Court **OVERRULES** Defendant's Objection.

However, the Court **ORDERS** Plaintiff's counsel to redact any and all reference to insurance or other collateral sources in this Exhibit. For example, Plaintiff must redact information regarding an insurance deductible or what insurance company the appraisal was

prepared for. Plaintiff's counsel must review those redactions with Defendant's counsel prior to trial.

## H. Defendant's Objections to Plaintiff's Exhibits 50, 51, 53

As stated in the parties' Joint Statement, Defendant has withdrawn his objections as to Exhibits 50 and 51. As to Defendant's Objection to Plaintiff's Exhibit 53, listed as "Statement of Paul Anderson," Plaintiff has agreed to withdraw this Exhibit. (Doc. 70, p. 6.) Therefore, the Court **SUSTAINS** Defendant's Objection as to Exhibit 53 as unopposed.

## I. Defendant's Objection to Plaintiff's Exhibit 54

Finally, Defendant objects to Plaintiff's Exhibit 54, listed as "Tammy Rangel Medical Bills Summary." Plaintiff argues that she is entitled to testify as to a summary of her medical bills to assist the jury in deliberations as to this issue. As discussed previously, the issues which the jury must determine in this case are the whether Defendant caused Plaintiff's injuries, and if so, the damages to which Plaintiff is entitled. Provided Plaintiff properly authenticates the medical bills at issue, she may present this evidence to the jury to assist the jury in determining her damages.

**CONCLUSION**

For the reasons and in the manner set forth above the Court **GRANTS** Defendant's Motion in Limine, (doc. 56). The Court **OVERRULES IN PART** and **SUSTAINS IN PART** Defendant's Objections to Plaintiff's Trial Exhibits. Any party seeking to object to these rulings must file specific objections prior to the close of business on **November 11, 2016**. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Objections or responses thereto must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

**SO ORDERED**, this 7th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA